IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYRA CULVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No.: |
| | ) |
| TEMPLE UNIVERSITY-OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, CIGNA GROUP INSURANCE, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, INSURANCE COMPANY OF NORTH AMERICA, INA LIFE INSURANCE COMPANY OF NEW YORK, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### THE PARTIES

1.     The plaintiff, Myra Culver is a resident of the State of Delaware, and is a former employee of the defendant, Temple University-of the Commonwealth System of Higher Education (hereinafter referred to as "Temple University"), and is an intended and former participant in Temple's ERISA Disability Plan, as that status is defined under the Employment Retirement Security Act of 1974 ("ERISA") §3(7), 29 U.S.C. §1002(7).

2.     Temple University, is organized and exists under the laws of the Commonwealth of Pennsylvania, and whose agent for service of process is Corporation Guarantee and Trust Company, The Brandywine, 1000 West Street, 17th Floor, Wilmington, DE 19801, and is the plan administrator of a program of the company

related to benefits described in ERISA §3, 29 U.S.C. §1002, is a plan administrator of an LTD Plan within the meaning of ERISA §3(16), 29 U.S.C. §1002(16), is a fiduciary under ERISA §3(21)(A), and Sec. 402(a), 29 U.S.C. §1002(21)(A), and 1102(a), the company is an employer within the meaning of ERISA Sec. 3(5), 29 U.S.C. §1002(5), and a former employer of the plaintiff, Myra Culver.

3.  The defendants, Cigna Group Insurance, Connecticut General Life Insurance Company, Life Insurance Company of North America, Insurance Company of North America, and INA Life Insurance Company of New York, (hereinafter referred to collectively as "Cigna") are insurance companies licensed to practice the business of insurance in the State of Delaware, who may be served by serving the Insurance Commissioner of the State of Delaware, pursuant to the provisions of 18 Del.C.§524, and is the issuer of the LTD Policy No.LK960071, which is the funding vehicle for, and the terms of which comprise the LTD Plan issued by the defendant, Temple University. Cigna is a claim administrator and benefits determiner of the LTD Plan, and as such is a plan administrator of the LTD Plan. Cigna is an administrator of an LTD Plan within the meaning of ERISA Sec. 3(16), 29 U.S.C. §1002(16) and is a fiduciary under ERISA Sec. 3(21) (A) and Sec.402 (a), 29 U.S.C. §1002(21)(A) and 1102(a).

## JURISDICTION

4.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e)(1).

5.  A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of Treasury of the United States by Certified Mail.

6. Venue lies in the District of Delaware under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## COMMON FACTS

7. Plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 6.

8. Plaintiff is a former full time employee of Temple University, and was eligible for participation in a Short Term Disability Plan and a Long Term Disability Plan (hereinafter referred to as "LTD"), and at a time as a medical condition caused her to cease her active work. Her services with Temple University ceased in 2004, at which time the Plaintiff was eligible to participate and to qualify for benefits under Temple University's LTD Plan.

9. Plaintiff incurred a debilitating injuries and illnesses comprised of injuries to her cervical spine, lumbar spine, and other physical infirmities, including, but not limited to Reflex Dystrophy Syndrome ("RDS"), Fibromyalgia, Radiculopathy, **etc.** The Plaintiff's medical condition and physical disability, consisting of excruciating debilitating pain, inability of movement, has caused her to be unable to perform her former profession as a Budget Manager with Temple University, which duties ended on or about July, 2004.

10. Plaintiff's treating physicians have stated that the Plaintiff is disabled from any meaningful employment so as to prevent her from resuming her normal work activities or any other occupation for which she is qualified by education, training or experience.

11. On or about March 12, 2004 the Defendants granted to the Plaintiff Short Term Disability Benefits until March 31, 2004, which were renewed by letter dated May 28, 2004 until May 30, 2004, and extended again by letter dated July 22, 2004 until August 3, 2004.

12. On or about July 30, 2004 the Defendant, Temple University, requested Cigna to process the Plaintiff's disability as a claim for LTD, which request was acknowledged by Cigna on August 6, 2004.

13. On or about September 16, 2004, approximately forty-one (41) days after which Cigna received Temple's request to convert Plaintiff's Short Term Disability to Long Term Disability under the applicable LTD Plan.

A letter dated August 27, 200, denied Culver's request for LTD and Cigna requested the Plaintiff to apply for Social Security Benefits, as an offset against any LTD benefits she would receive, and directed her to "Advantage 2000 Consultants, Inc.", to obtain Social Security Benefits. In doing so, Cigna, in its internal documents, acknowledged that the Plaintiff was disabled with "RSD" and Depression.

14. On February 1, 2005 the Social Security Administration awarded the Plaintiff Social Security Disability Benefits retroactive to July, 2004. A copy of that award was furnished to Cigna on or about February 18, 2005.

15. On February 18, 2005, Cigna granted LTD Benefits to the Plaintiff, which had previously been denied by letter dated September 16, 2004, retroactive to July 27, 2004. In the letter of February 18, 2005 Cigna noted that the benefits to be received by the Plaintiff were to be reduced by any Social Security Benefits for a "net benefit".

16. On February 16, 2006, Cigna wrote to the Plaintiff requesting new medical information.

17. On April 13, 2006, Plaintiff responded to Cigna's request, forwarding a questionnaire indicating that she walked with a cane, used a TENS unit, could cook one-half to one hour two to three times a week with assistance, could shop one and a half to one hour one time a month, and could do laundry one-half to one hour one time per week, with assistance, participated in no recreation, had no exercise, could drive, but only to doctor appointments one to two miles away, remained in bed until 11:00 or 11:30 each morning and went to bed each night from 9:30 to 11:00, also noting that she had increased RSD pain.

18. On November 13, 2006 Cigna terminated Plaintiff's benefits, and stated there would be no further payments after October 26, 2006 and in doing so recognized that her treating physician had noted that she still had persistent pain of RSD.

19. On March 6, 2006, Cigna terminated the previous granted retroactive LTD Benefits to the Plaintiff erroneously noting that the only medication Plaintiff was taking was ULTRAM, and misinterpreting Plaintiff's objective tests and clinical documents.

20. Subsequent to the termination of November 13, 2006, Plaintiff sought a Review/Appeal of that termination, which Appeal was another denial.

21. On March 16, 2008 Cigna wrote that they would allow a voluntary appeal. In that correspondence, they asked Plaintiff's attorney, for a second time, to execute a release to allow Cigna to discuss with the attorneys her claims.

22. On or about August 21, 2008 a complete set of the Plaintiff's medical records were sent to Cigna.

23. On or about September 2, 2008, an updated medication list from one of the Plaintiff's treating physicians was forwarded to Cigna by facsimile.

24. As a result of the aforementioned communications and actions, the Plaintiff has established her right to disclosure and has exhausted her administrative remedies as a result of all appeals being denied as of October 8, 2008.

25. The Defendants have acted in an arbitrary and capricious manner in that they have ignored, without explanation, the fact that the Plaintiff has deemed disabled by the Social Security Administration, have accepted the benefits of such determination in taking a set off for such benefits under payments made as alleged in Paragraph Nos. 14 & 15.

26. The Defendants have further acted in an arbitrary and capricious manner in that they have ignored the diagnoses and restrictions placed upon the Plaintiff by her treating physicians, attempted to minimize the nature and the extent of the restrictions placed upon her by her treating physicians, and have ignored the findings of objective tests , ignored the finding by the Social Security Administration (while asserting the benefits of such a finding) as well as an overwhelmingly significant amount of medication prescribed for and taken by the Plaintiff, as well as her self-described physician limitations.

### Denial of Long Term Disability Benefits Under ERISA

27. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 26.

28. Plaintiff's conditions meet the qualifying inability to perform the duties of his regular occupation for the qualifying period of disability under the LTD Plan.

29. Plaintiff's conditions meet and continue to meet the qualifying disability of complete disability to perform any occupation for which he was qualified by education, training, or experience, as that status is defined under the terms of the LTD Plan.

30. The plan administrator, or each of them has arbitrarily and capriciously denied the plaintiff under the LTD Plan on the basis that he did not, and does not medically qualify.

31. Plaintiff is entitled to benefits from the LTD Plan and makes a claim for benefits under ERISA Sec. 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) for benefits under the LTD Plan and related status welfare plans, which benefits were arbitrarily and capriciously denied the plaintiff.

32. Plaintiff has followed the claim procedures of the LTD Plan and otherwise has exhausted his administrative remedies as to his rights of benefits under the LTD Plan and related welfare plans.

**WHEREFORE**, the Plaintiff requests that this Court:

1. Enter a judgment against the defendants, declaring plaintiff entitlement to benefits due under the LTD Plan, and that the plan administrators be directed to pay such benefits due, and in addition thereto all past benefits, together with pre-judgment interest and post judgment interest on said amounts;

2. Enter a judgment against the defendants as plan administrators and the plan for reasonable attorney fees, costs, and other expenses by law in prosecuting this action, incurred in this action or due as a result of any collection enforcement of any judgments;

3. Order judgment against the defendants for such amounts as may be determined as due for the violation of ERISA Sec. 503, and in accordance with his rights under Sec. 502(a)(3), 29 U.S.C. §1132(a)(3) along with pre-judgment interest and post-judgment interest, cost and fees, including reasonable attorney fees incurred in connection with this action and in connection with any judgment or proceeding to collect any judgment;

4. Enter judgment against the defendants declaring plaintiff's entitlement to benefits as indicated above, and direct insurance plan and administrator to provide said benefits and make available said benefits to the plaintiff together with pre-judgment interest and post-judgment interest on the value of the benefit amounts not properly provided to the plaintiff; and

5. Grant such other and further relief, legal or equitable, as this Court may deem just, necessary, or appropriate.

ABER, BAKER & OVER

*/s/ Gary W. Aber*
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
Attorney for Plaintiff

DATED: October 8, 2009